John J. Manning *vs.* Joseph Albee.

The presiding judge at a trial is not bound, at the conclusion of the plaintiff's evidence, to rule upon the question whether the evidence is sufficient to support the action, unless the defendant will rest his case there.

If an owner of goods has been induced by fraud to sell them and accept a note on time with worthless securities therefor, the fact that he has ceased to be the owner of the note, and has passed it away for value, and never reclaimed it, will not defeat an action of replevin by him for the goods, unless it was negotiated with such knowledge or under such circumstances as to amount to an affirmance of the sale.

Replevin of a quantity of clothing. The answer simply set up title in the defendant.

At the second trial in the superior court, before *Brigham, J.,* after the decision reported in 11 Allen, 520, there was evidence tending to show that the goods in question were obtained from the plaintiff by fraud by one French, and that the defendant, who claimed to have purchased them of French, was either a conspirator in the original fraud, or a purchaser with notice of it. French purchased the goods on credit, giving for them a note on time, with certain bonds as security as described in the former report. This note, when produced, bore an indorsement by the plaintiff without recourse to James Manning, and there was

evidence, in the plaintiff's case, tending to show that it had become the property of James Manning before the replevin, and had remained so ever since.

At the conclusion of the plaintiff's evidence, the defendant asked the court to rule, as a matter of law, that the evidence was insufficient to support the action; but the judge declined to make any ruling upon that subject unless the defendant would rest there. The defendant declined to do this, and the trial proceeded.

The defendant also asked the court to rule that if the plaintiff had ceased to be the owner of the note before the replevin, but had passed it away for value, and had never reclaimed it, then he could not maintain this action. The judge refused so to rule, and instructed the jury that the question to whom the note belonged was immaterial upon any issue raised in this case; but, at the request of the plaintiff, submitted this as an independent issue to the jury, who found that the note was the property of James Manning at the time of the replevin.

The jury returned a general verdict for the plaintiff, and, upon the special finding above mentioned, the defendant moved for judgment in his favor, notwithstanding the general verdict; but the court refused so to order. The defendant alleged exceptions.

*S. B. Ives, Jr.,* for the defendant, cited *Thurston* v. *Blanchard,* 22 Pick. 18; *Whitwell* v. *Vincent,* 4 Pick. 449; *Pratt* v. *Philbrook,* 33 Maine, 26.

*W. C. Endicott & B. H. Smith,* for the plaintiff.

GRAY, J. The judge presiding at the trial was not bound to determine whether the plaintiff could maintain his action until all the evidence was in; and his refusal to rule upon the plaintiff's case only is no ground of exception. *Bassett* v. *Porter,* 4 Cush. 487.

It was decided, when this case was before us last year, that the false and fraudulent representations offered to be proved would support the action; and that the fact that the note taken from a third person for the price of the goods had not been surrendered did not defeat the plaintiff's right to recover against

this defendant. *Manning* v. *Albee*, 11 Allen, 520.    The ruling requested by the defendant, " that if the plaintiff had ceased to be the owner of the note before the replevin, but had passed it away for value, and had never reclaimed it, then he could not maintain this action," was rightly refused, and the special finding of the jury that the note was the property of the indorsee at the time of the replevin was immaterial.

The question whether the note had been negotiated by the plaintiff with such knowledge or under such circumstances as to amount to an affirmance of the sale does not appear to have been raised or ruled upon at the trial, and is not therefore open to the defendant in this court.          *Exceptions overruled.*